IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNELL DRINKS,
    Plaintiff
    v.
BARRY JOHNSON, et al.,
    Defendants

Case No. 3:10-cv-1-KRG-KAP

Report and Recommendation

Recommendation

Plaintiff, at S.C.I. Houtzdale serving a life sentence, filed a complaint in early 2010 complaining about events in various institutions he has been in since 2005. After several opportunities to amend the complaint, plaintiff has not set forth a short and plain statement of a claim within this court's jurisdiction, and I therefore recommend that the complaint be dismissed for failure to state a federal claim, without prejudice to plaintiff proceeding in state court on any state claims.

Report

Plaintiff filed a 226 page complaint with exhibits alleging the violation of his First Amendment and Fourteenth Amendment rights by defendant employees of the Pennsylvania Department of Corrections. Despite the length of the complaint, plaintiff's narrative boiled down to relating various encounters with various defendants, followed by the conclusory assertion that all of defendants' conduct over four years "resulted in" the deprivation of his rights. As the Supreme Court said, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009): "pleadings [which are] no more than conclusions, are not entitled to the assumption of truth."

I ordered plaintiff to amend his complaint to state some factual specifics, but plaintiff has been unwilling or unable to do so. His amendments, docket no. 5, docket no. 7, docket no. 13, do improve on his original complaint at ¶¶ 86-89, by listing some of the defendants by name. However, specifying a particular defendant does not help when the actions that defendant is alleged to have taken - "tampered and destroyed Plaintiff's personal political and privileged mail," "in their supervisory roles failed to protect Plaintiff and ignored his pleas for help repeatedly," "discriminated and retaliated against Plaintiff", see e.g. docket no. 13 at ¶87-¶90 - are again asserted to be no more than the conclusory assertion of a legal concept.

In the places where plaintiff actually mentions a specific fact, he indiscriminately lumps together actions which do not violate any federal right of his with his conclusions that defendants violated federal rights. Plaintiff, for example, alleges that over the course of several searches or transfers he has had a phone book and several manuscripts lost, taken, or destroyed. Plaintiff mentions that he was compensated for the cost of the phone book, but asserts that he has not been compensated for the intellectual property represented by the entries in the phone book, and that he had million dollar "book deals" and "movie deals" for the lost manuscripts. Apparently these deals did not result in the entity that offered plaintiff the million dollars retaining

2

a copy of the manuscript. Accepting plaintiff's allegation that the named defendants acted deliberately in confiscating his personal property, Hudson v. Palmer, 468 U.S. 517, 533 (1984), states:

> Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy. (footnote omitted)

The Pennsylvania Department of Corrections administrative grievance system is a suitable postdeprivation remedy. See e.g. Monroe v. Beard, 536 F.3d 198, 210 (3d Cir.2008). Plaintiff has a second postdeprivation remedy in state court for the return of seized personal property or compensation for seized personal property which is improperly destroyed, because Pennsylvania has waived sovereign immunity for such claims. 42 Pa.C.S.§ 8522(b)(3). See Marsh v. Ladd, 2004 WL 2457730, *3 (E.D.Pa.2004). Pennsylvania inmates do not have a federal due process claim based on allegations that their property was damaged, lost, or even taken by corrections personnel.

Plaintiff also concludes several times that his First Amendment rights were violated by what he calls tampering with his mail. The "tampering" is either undefined or consists of actions, such as returning mail for insufficient postage, which is plainly not tampering. In any case plaintiff alleges no First Amendment

3

claim because he does not allege any adverse effect on his access to court. Compare Jones v. Brown, 461 F.3d 353, 359 (3d Cir.2006), cert. denied, 549 U.S. 1286 (2007)(a blanket policy of opening inmate legal mail outside the presence of the inmate "impinges upon" the First Amendment), modified by Fontroy v. Beard, 559 F.3d 153 (3d Cir.2009)(Pennsylvania's DC-ADM 803 mail control policy is valid), with Oliver v. Fauver, 118 F.3d 175 (3d Cir.1997)(inmate had no First Amendment claim for scattered occurrences of improper opening of mail unless the opening of the mail had an adverse impact on the inmate's access to court).

Finally, the factual prologue to plaintiff's conclusory assertions that defendants have "tortured" or "harassed" him appears to be instances in which plaintiff lost his single cell status, or had his cell searched or was placed in administrative custody without cause, or was transferred without explanation. Precedent is clear, however, that plaintiff has no federal right or immunity that protects him from being in a double cell, or from cell searches, transfers, or even from being placed without notice or hearing in administrative custody.

Plaintiff's complaint, as amended, should be dismissed without prejudice to litigating his lost property claim in state court under 42 Pa.C.S.§ 5103.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 11 January 2011

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Donnell Drinks CC-7423
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000