IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNELL DRINKS,
:
Plaintiff
:
v.
: Case No. 3:10-cv-1-KRG-KAP
BARRY JOHNSON, et al.,
:
Defendants
:

Report and Recommendation

Recommendation

The remaining defendants have filed a motion to dismiss or for summary judgment, docket no. 33. I recommend that it be granted.

Report

Plaintiff filed several iterations of a complaint which I found after screening under 28 U.S.C.§ 1915A to be inadequate, with the exception of ¶87, as amended to state:

The (5) defendants Hawke, Kremposky, Woods, Switzer and John Doe acted in concert to repeatedly tamper and destroy plaintiff's personal, political and privileged mail. This practice convened for a long period of time involving countless pieces of mail. On 4-6-09 the defendant opened privilege mail from United States House of Representative Chaka Fattah, prior to sending it to SCI Smithfield affording the plaintiff inadvertent witnesses and undisputed evidence. On 4-2-07 the defendants intentionally placed insufficient postage an out going correspondence just to have it returned. This then allowed it to be opened and circumventing the established Pa DOC policy on reading out going mail.

The four named defendants (Hawke is sometimes spelled Hawk), once served with and ordered to respond to this portion of the complaint, moved to dismiss or for summary judgment because: 1) the allegations concerning the April 2007 incident are barred by the statute of limitations; 2) plaintiff failed to exhaust his administrative remedies; 3) and as to the April 2009 incident, the

mail involved was properly opened. I ordered the failure to exhaust defense portion of the motion to dismiss converted to a motion for summary judgment. See Fed.R.Civ.P. 12(d); see also In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir. 1999).

The Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement is satisfied by substantial compliance with the existing remedial scheme, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but exhaustion of remedies by an inmate must take place regardless of the adequacy of the administrative process, Booth v. Churner, 532 U.S. 731, 734 (2001), and failure to exhaust constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006). Procedural default is governed by the requirements of the applicable state prison grievance system, rather than by federal law, so long as those requirements are not themselves in violation of the Constitution or federal law. Spruill v. Gillis, 372 F.3d 218, 231-32 (3d Cir.2004).

Defendants' exhibits are attached to docket no. 33; plaintiff's exhibits are attached to docket no. 40. Defendants

aver that plaintiff filed two grievances in 2007, one in March 2007 that is unrelated to mail, and #193572, dated July 12, 2007, that complains about delays in receiving mail, but not about tampering. The official response by Harry Hawk, the business manager, to the latter is dated July 16, 2007, explaining that the mailroom had been short-staffed but was now, he believed, up to speed. There appears to have been no further appeal of that grievance. Defendants aver that plaintiff never filed any grievance about the April 2009 incident.

Plaintiff avers that he exhausted his administrative remedies in two grievances, #247558 and #264330, which "focused on the harassment in general and the mail tampering directly." Plaintiff's Exhibit 1 includes informal attempts at resolving disputes with staff members, and then #247558, which is dated October 22, 2008. Plaintiff complains about "continuous ongoing harassment" and names only defendant Woods as harassing him by "verbal abuse, slander, theft of property and producing false documents." Then, plaintiff begins a new sentence: "The latest incident of mail tampering has not been authorized by the proper channels DC ADM 804 Section 4 subsection D.1.C,D. This also causes my mail to be delivered after the 24 hours stated in E.2.E." It is not clear what this means or that it refers to Woods, but it neither refers to any particular piece of mail or any particular person.

Rhonda House, the prison grievance coordinator, rejected the grievance on October 23, 2008, because it was not submitted within 15 days of the event complained about. Plaintiff appealed to the warden, Brian Coleman, who explained on November 12, 2008, that a grievance that fails to provide a date for its events is one that fails to meet DC-ADM 804's 15-day time limit. Coleman also noted that plaintiff had 5 days after House's rejection to correct the defect.

Plaintiff appealed to the final level of the three-tier grievance system, and on January 5, 2009, Dorina Varner, the Pennsylvania Department of Corrections' chief grievance officer, also rejected the grievance as untimely.

Plaintiff's Exhibit 2 includes informal attempts at resolving disputes with staff members, and then #264330, which is dated March 7, 2009. Plaintiff's writing on the initial grievance is almost impossible to read except for phrases here and there, but he appears to be complaining about mail and a newspaper that was sent through the mail being delayed. The official response by Harry Hawk is to deny the grievance on the merits because he believed the mail was being delivered properly. Warden Coleman affirmed the rejection of the grievance on the merits on May 6, 2009.

Plaintiff appealed to the final level of the three-tier grievance system. It appears that there was some delay in getting

copies of plaintiff's exhibits, and plaintiff wrote for and was granted an extension of time on May 29, 2009, by Dorina Varner. Varner (or Keri McRae, acting for Varner) ultimately dismissed plaintiff's grievance appeal on September 15, 2009, for failure to supply the missing pieces of the record. The final disposition notice also mentions that several other grievances appealed by plaintiff were previously disposed of (on the merits).

Plaintiff procedurally defaulted #247558. A habeas petition which conveyed as little information would be dismissed out of hand, see Mayle v. Felix, 545 U.S. 644, 654-66 (2005), and Pennsylvania's requirement in DC-ADM 804 that there be some minimal specificity to the persons and events relevant to the grievance similarly does not offend federal law. See Spruill v. Gillis. As for #264330, the record is a little murkier, if only because the history of the copier work is somewhat obscure. But even assuming no procedural default, it is obvious that the alleged mail tampering with Congressman Fattah's letter was not and could not have been grieved in #264330, because the grievance pre-dates the letter, plaintiff's Exhibit 4, which was not even sent until March 25, 2009. Further, the grievance only appears to mention delay.

Plaintiff has failed to exhaust his administrative remedies concerning any claims of mail tampering. Because Fed.R.Civ.P. 8 only prescribes notice pleading and not fact pleading, plaintiff would not have to give every date of every

5

alleged incident of mail tampering to state a colorable claim. But the PLRA requires that, before an inmate files suit over a grievable matter, the state have the opportunity to correct or at least investigate the inmate's grievance, and the Pennsylvania Department of Corrections can reasonably require both specificity and timeliness in its grievances. See <u>Spruill v. Gillis</u>. Because there is no genuine dispute that plaintiff did not exhaust any grievance concerning either of the two specific incidents mentioned in ¶87, and could not exhaust a grievance in the state's administrative remedy system simply by claiming that tampering occurred for a "long period of time involving countless pieces of mail," ¶87, the mail tampering claims against the defendants (only one of whom is even mentioned in a grievance) should be dismissed.

For the sake of completeness, I also note that the April 2007 mail tampering claim is barred by the applicable two year limitations period since even the initial complaint was not filed until 2010. The April 2009 mail tampering claim, because plaintiff does not allege facts from which any impairment of his access to court or his right to petition the government for redress of grievances could be inferred, is legally inadequate to state a claim on which relief can be granted, <u>see</u> docket no. 14, my previous Report and Recommendation, at 4.

Plaintiff argues that because defendants have engaged in a continuous course of wrongful conduct all his claims are timely.

6

Assuming that the continuing wrong doctrine applies (and I do not think that it should apply to discrete acts like mail tampering), in order to benefit from the continuing wrong doctrine a plaintiff must establish a persistent ongoing pattern, that is, more than the occurrence of isolated or sporadic acts. <u>West v. Philadelphia Electric Co.</u>, 45 F.3d 744, 755 (3d Cir.1995). Plaintiff does not plead a persistent pattern because he pleads only two occurrences two years apart, and under Fed.R.Civ.P. 8 the conclusory allegation he makes about "countless other" events does not fill the gap.

I previously recommended that the balance of plaintiff's complaint be dismissed for failure to state a claim (without prejudice to litigating any property destruction claims in state court, <u>see</u> docket no. 14), and that recommendation is pending before Judge Gibson, as are plaintiff's objections, docket no. 15 (and docket no. 24, plaintiff's notice that he does not intend to waive any claims). If my recommendations are accepted, that would end this matter.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Within the same time, the parties may file any supplemental objections they wish to my previous recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is not given leave to amend his complaint. Plaintiff cannot cure the failure to

exhaust, and as for the insufficiently pleaded claims, to allow yet another amendment after repeated opportunities would be inequitable and a waste of scarce judicial resources.

DATE: June 26, 2012

_____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Donnell Drinks CC-7423
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000